UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NORMAN CLEMENT                   :      Case No.

v.                                              :

:
MICHAEL BEAUTON,
and
ERIC PESINO
MARK SALVATI
THE CITY OF NEW HAVEN            JUNE 22, 2018
Individually.

## COMPLAINT

PARTIES

1. NORMAN CLEMENT is a resident of Connecticut residing at 977 State Street in the City of New Haven..

2. DEFENDANT MICHAEL BEAUTON is a citizen of Connecticut whose address is 149 Prospect St. Bridgeport, CT 06604 and who is employed as an officer by the Connecticut State Police. Defendant was acting under color of state law when he arrested the plaintiff on or about February 4, 2017.

3. ERIC PESINO is a citizen of Connecticut whose address is 1 Union Avenue, New Haven, CT 06519 and who is employed as an officer by the New Haven Department of Police Services. Defendant was acting under

1

color of state law when he arrested the plaintiff on or about February 4, 2017.

4. MARK SALVATI is a citizen of Connecticut whose address is 1 Union Avenue, New Haven, CT 06519 and who is employed as an officer by the New Haven Department of Police Services. Defendant was acting under color of state law when he arrested the plaintiff on or about February 4, 2017.

5. The CITY OF NEW HAVEN is a municipality located in the state of Connecticut. The city defendant is responsible for plaintifs' injuries under the doctrine of Monell v. New York Department of Social Services, 436 U.S. 658 (1978).

## JURISDICTION

Jurisdiction is asserted pursuant to 42 U.S.C. section 1983 and 28 U.S.C. sections 1331, 1343(a) (3) and 1367(a).

NATURE OF THE CASE

This is an action for money damages and declaratory relief to redress the deprivation of rights secured to the plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution and for assault. On or about February 4, 2017 the defendants PESINO and SALVATI used excessive force to arrest the plaintiff NORMAN CLEMENT and caused the plaintiff physical and emotional injuries. The defendants PESINO and SALVATI assaulted and battered the plaintiff. The defendant BEAUTON improperly deployed pepper spray to the plaintiff's face and mishandled his police dog in such manner as to cause injury and fear. The plaintiff suffered injuries to his face, eyes and shoulder extreme emotional distress as a result of the actions of BEAUTON, PESINO and SALVATI. The defendant CITY OF NEW HAVEN maintained at all relevant times a policy or practice of not investigating police abuse complaints properly and not taking action to stop officers from committing further acts of abuse that amounted to deliberate indifference to the rights of persons similarly situated to the plaintiff, and therefore the CITY OF NEW HAVEN is liable to the plaintiffs under *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978).

FIRST CAUSE OF ACTION – CONSTITIONAL RIGHTS V OLATION

The defendants BEAUTON, PESINO and SALVATI violated the plaintiff's right to liberty and due process of law under the Fourteenth Amendment to the United States Constitution , inflicted cruel and unusual punishment in violation of the Eighth Amendment, and subjected him to unreasonable seizure of his person in violation of the Fourth Amendment. Specifically:

1. Officers PESINO and SALVATI arrested the plaintiff on or about February 4, 2017.

2. The defendants PESINO and SALVATI used excessive and wanton force to arrest the plaintiff specifically; by foot sweeping him forcefully to the ground.

3. Defendant BEAUTON improperly deployed pepper spray and mishandled his dog so as to cause injuries to the plaintiff.

4. The Plaintiff suffered pain, physical injury and emotional trauma as a result of the actions of the defendants BEAUTON, PESINO and SALVATI.

4

5. At all relevant times, it was clearly established and Defendants BEAUTON, PESINO and SALVATI knew or should have known that it is a violation of federal law to abuse an unresisting person in the manner complained of above.

## SECOND CAUSE OF ACTION -- ASSAULT AND BATTERY

The defendants BEAUTON, PESINO and SALVATI assaulted the plaintiff by using excessive force upon him, causing serious physical and psychological injuries to him. Specifically:

1. Officers PESINO and SALVATI arrested the plaintiff on or about February 4, 2017.

2. The defendants PESINO and SALVATI used excessive and wanton force to arrest the plaintiff, specifically; They swept his legs from under him and pushed him into the ground and used other excessive force.

3. Defendant BEAUTON improperly deployed pepper spray and mishandled his dog so as to cause injuries to the plaintiff.

4. The Plaintiff suffered pain, physical injury and emotional trauma as a result of the actions of the defendants BEAUTON, PESINO and SALVATI.

5. At all relevant times, it was clearly established and Defendants BEAUTON, PESINO and SALVATI knew or should have known that it is a violation of state and federal law to abuse an unresisting person in the manner complained of above.

THIRD CAUSE OF ACTION – MONELL LIABILITY OF CITY OF NEW HAVEN

1. Defendant CITY OF NEW HAVEN, had in place a policy or practice of failing to investigate police abuse complaints sufficiently and failing to take effective action against officers after abuse complaints were substantiated, that proximately caused the Plaintiff's injuries. The policy or practice of the CITY OF NEW HAVEN of failure to respond appropriately to complaints of police abuse amounted to deliberate indifference to the rights of persons situated similarly to the Plaintiff. The CITY OF NEW HAVEN is liable to plaintiff under *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978).

2. At all relevant times, it was clearly established and defendant CITY OF NEW HAVEN knew or should have known that it is a violation of federal law for a municipality to show deliberate indifference to the rights of persons situated similarly to the plaintiff by maintaining a policy or practice of failing to investigate allegations of police brutality and failing to discipline, supervise or train police officers who have numerous brutality complaints which created an unreasonable risk of harm to individuals like plaintiff.

## REQUEST FOR RELIEF

The plaintiff requestS:

1. Compensatory damages of $1,500,000.
2. Punitive damages.
3. Costs and Attorney Fees.
4. Trial by jury.

The Plaintif

By_____

Paul A. Garlinghouse

His Attorney

171 Orange Street, Suite 301

New Haven, CT 06510

(203) 865-0139

Fed. Bar No. CT25143